# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Talal AL-ZAHRANI** <br><br> and <br><br> **Ali Abdullah Ahmed AL-SALAMI** <br> In their individual capacities; <br><br> and <br><br> **Talal AL-ZAHRANI,** <br> As the representative of the estate of <br> **Yasser AL-ZAHRANI;** <br><br> and <br><br> **Ali Abdullah Ahmed AL-SALAMI,** <br> As the representative of the estate of <br> **Salah Ali Abdullah Ahmed AL-SALAMI** <br><br>           **Plaintiffs,** <br> vs. <br><br> **Donald H. RUMSFELD et al.** <br><br> and <br><br> **UNITED STATES** <br><br>           **Defendants.** | **Civ. No. 1:09-cv-00028 (ESH)** |

### THE UNITED STATES' MOTION FOR SUBSTITUTION FOR CLAIMS I TO IV
### OF THE AMENDED COMPLAINT

The United States moves this Court for an Order substituting the United States of

America as defendant for the individually named defendants in Claims I to IV of the Amended

Complaint. The individually named defendants for whom the United States seeks substitution

include: Donald Rumsfeld; General Richard Myers; General Peter Pace; General James T. Hill;

General Bantz Craddock; Major General Michael Lehnert; Major General Michael E. Dunlavey; Major General Geoffrey Miller; Brigadier General Jay Hood; Rear Admiral Harry B. Harris, Jr.; Colonel Terry Carrico; Colonel Adolph McQueen; Brigadier General Nelson J. Cannon; Colonel Mike Bumgarner; Colonel Wade Dennis; Esteban Rodriguez; Dr. William Winkenwerder, Jr.; Dr. David N. Tornberg; Vice Admiral (Ret.) Michael L. Cowan, M.D.; Vice Admiral Donald C. Arthur, M.D.; Captain John S. Edmondson, M.D.; Captain Ronald L. Sollock, M.D.; Rear Admiral Thomas K. Burkhard, M.D.; and Rear Admiral Thomas R. Cullison, M.D..

    This matter is supported by the certification of Phyllis J. Pyles, Director, Torts Branch, United States Department of Justice and the accompanying Memorandum of Points and Authorities. The United States has attached a proposed Order for the convenience of the Court.

Dated:   June 26, 2009                  Respectfully submitted,

                                                  TONY WEST
                                                  Assistant Attorney General
                                                  Civil Division

                                                  JEFFREY A. TAYLOR
                                                  United States Attorney for the District of Columbia

                                                  PHYLLIS J. PYLES
                                                  Director, Torts Branch

                                                  MARY MCELROY LEACH
                                                  Assistant Director, Torts Branch


                                                  /s/ Philip D. MacWilliams
                                                  PHILIP D. MACWILLIAMS
                                                  (D.C. Bar No. 482883)
                                                  Trial Attorney, Torts Branch
                                                  Civil Division
                                                  U.S. Department of Justice

P.O. Box 888
Benjamin Franklin Station
Washington, DC.  20044
(202) 616-4285
(202) 616-5200 (facsimile)

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Talal AL-ZAHRANI <br><br> and <br><br> Ali Abdullah Ahmed AL-SALAMI <br> In their individual capacities; <br><br> and <br><br> Talal AL-ZAHRANI, <br> As the representative of the estate of <br> Yasser AL-ZAHRANI; <br><br> and <br><br> Ali Abdullah Ahmed AL-SALAMI, <br> As the representative of the estate of <br> Salah Ali Abdullah Ahmed AL-SALAMI <br><br>                 Plaintiffs, <br> vs. <br><br> Donald H. RUMSFELD et al. <br><br> and <br><br> UNITED STATES <br><br><br>                 Defendants. | Civ. No. 1:09-cv-00028 (ESH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
UNITED STATES' MOTION FOR SUBSTITUTION FOR CLAIMS I TO IV
OF THE AMENDED COMPLAINT**

## INTRODUCTION

Talal Al-Zahrani and Ali Abdullah Ahmed Al-Salami, are the fathers of two deceased aliens ("the detainees"), Yasser Al-Zahrani and Salah Ali Abdullah Amhed Al-Salami (collectively "Plaintiffs"), who died during their detention at U.S. Naval Station Guantanamo Bay, Cuba ("Guantanamo"). The Al-Zahranis and Al-Salamis are citizens of Saudi Arabia and Yemen, respectively. The detainees are alleged to have been detained by the United States at Guantanamo as "enemy combatants" for over four years until their deaths on June 10, 2006. The U.S. military concluded that the deaths were suicides by hanging.

In their Amended Complaint, Plaintiffs have sued twenty-four defendants in their individual capacities: Donald Rumsfeld; General Richard Myers; General Peter Pace; General James T. Hill; General Bantz Craddock; Major General Michael Lehnert; Major General Michael E. Dunlavey; Major General Geoffrey Miller; Brigadier General Jay Hood; Rear Admiral Harry B. Harris, Jr.; Colonel Terry Carrico; Colonel Adolph McQueen; Brigadier General Nelson J. Cannon; Colonel Mike Bumgarner; Colonel Wade Dennis; Esteban Rodriguez; Dr. William Winkenwerder, Jr.; Dr. David N. Tornberg; Vice Admiral (Ret.) Michael L. Cowan, M.D.; Vice Admiral Donald C. Arthur, M.D.; Captain John S. Edmondson, M.D.; Captain Ronald L. Sollock, M.D.; Rear Admiral Thomas K. Burkhard, M.D.; and Rear Admiral Thomas R. Cullison, M.D. *See* Amend. Comp. ¶ 6. In Claims I to IV, Plaintiffs allege violations of the Alien Tort Claims Act, also commonly referred to as the Alien Tort Statute ("ATS"), 28 U.S.C. §1350, by the individuals for: prolonged arbitrary detention, in violation of the law of nations (see Amend. Comp. ¶¶ 199-205); torture, in violation of the law of nations and

5

various treaties (see Amend. Comp. ¶¶ 206-214); cruel, inhuman or degrading treatment or punishment, in violation of the law nations and various treaties (see Amend. Comp. ¶¶ 215-223); and violations of the Third and Fourth Geneva Conventions (see Amend. Comp. ¶¶ 224-234).

## ARGUMENT

Claims I to IV are claims for damages under the ATS, which provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. However, the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (codified in part at 28 U.S.C. §§ 2671, 2674, 2679) (hereinafter the "*Westfall* Act"), provides that a claim against the United States under the Federal Tort Claims Act is the exclusive remedy for persons seeking recovery of damages for any "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §2679(b)(1). The *Westfall* Act emphasizes that all other "civil action[s] or proceeding[s] . . . against the employee or the employee's estate [are] precluded without regard to when the act or omission occurred." *Id.* The above-named defendants were acting within the scope of their employment with respect to the conduct alleged in Claims I to IV, and the *Westfall* Act allows no exception for the tort claims alleged in Claims I to IV. Thus, Plaintiffs' sole remedy, if any, is against the United States. Accordingly, the United States should be substituted in their place pursuant to 28 U.S.C. §2679 (d)(1).

## I. THE *WESTFALL* ACT CERTIFICATION PROCESS

The *Westfall* Act authorizes the Attorney General to certify that a United States employee was acting within the scope of his employment at the time of an incident giving rise to a civil

6

claim. *See* 28 U.S.C. § 2679(d)(1) and (2). The Attorney General has delegated the authority to certify scope of employment to any Director of the Torts Branch, Civil Division. *See* 28 C.F.R. § 15.4(a). Phyllis J. Pyles, a Torts Branch Director, has certified that Plaintiffs' claims are based upon actions taken by the individuals in the scope of their federal employment. *See* Exhibit A. Consistent with this certification and the arguments set forth herein, the United States should be substituted in place of the individuals with respect to Claims I to IV. This certification is entitled to prima facie effect that the defendants acted within the scope of their employment. *See Bancoult* v. *McNamara*, 370 F. Supp. 2d 1, 7 (D.D.C. 2004) (citing *Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C. Cir. 1994)). The burden then shifts to the plaintiff to prove by a preponderance of the evidence that the defendants acted outside the scope of their employment. *See id.*; *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 264 (D.D.C. 2004), *aff'd on other grounds*, 412 F.3d 190 (D.C. Cir. 2005), *cert. denied*, 547 U.S. 1069 (2006).

## II. THE INDIVIDUAL DEFENDANTS WERE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT

To determine whether a federal employee was acting within the scope of his or her employment, a federal court must apply the law of the state where the tortious act occurred. *See Majano v. United* States, 469 F.3d 138 (D.C. Cir. 2006); *Tarpeh-Doe v. United States*, 28 F.3d 120, 123 (D.C. Cir. 1994); *Garber v. United States*, 578 F.2d 414, 415 (D.C. Cir. 1978). This Court has applied District of Columbia law to scope-of-employment issues when, as Plaintiffs allege here, the critical decisions, employee instructions, and job assignments emanated from Washington, D.C. *See Harbury v. Hayden*, 444 F. Supp. 2d 19, 31 (D.D.C. 2006), *aff'd Harbury v. Hayden*, 522 F.3d 413 (D.C. Cir. 2008). The District of Columbia follows the Restatement (Second) of Agency as the proper framework for determining whether an employee

7

acted within the scope-of-employment. *See Haddon v. United States*, 68 F.3d 1420, 1423-24 (D.C. Cir. 1995); *Harbury v. Hayden*, 444 F. Supp. 2d 19, 31 (D.D.C. 2006), *aff'd Harbury v. Hayden*, 522 F.3d 413 (D.C. Cir. 2008). The Restatement provides:

> Conduct of a servant is within the scope of employment if, but only if: (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the master; and (4) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

Restatement (Second) of Agency § 228 (1958).

To qualify as conduct of the kind within the scope of one's employment, the conduct must either have been "of the same general nature as that authorized" or "incidental to the conduct authorized." Restatement (Second) of Agency § 229 (1958); *Haddon*, 68 F.3d at 1424. As the D.C. Circuit explained

> [C]onduct is "incidental" to an employee's legitimate duties if it is "foreseeable." "Foreseeable" in this context does not carry the same meaning as it does in negligence cases; rather, it requires the court to determine whether it is fair to charge employers with responsibility for the intentional torts of their employees. To be foreseeable, the torts must be "a direct outgrowth of the employee's instructions or job assignment." It is not enough that an employee's job provides an "opportunity" to commit an intentional tort.

*Haddon,* 68 F.3d at 1424 (quoting *Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984)).

The D.C. Circuit has further explained that "[t]he proper inquiry in this case 'focuses on the underlying dispute or controversy, not on the nature of the tort, and is broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf.' " *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 664 (D.C. Cir. 2006) (quoting *Weinberg v. Johnson*, 518 A.2d 985, 992 (D.C. 1986)).

8

Plaintiffs will be unable to meet their burden of establishing that the individual defendants acted outside the scope of their employment, because is well-settled under D.C. scope of employment law that the type of activities alleged against the individual defendants were "foreseeable" and were "a direct outgrowth" of their responsibility to detain and gather intelligence from suspected enemy combatants. *Harbury v. Hayden*, 522 F.3d 413, 422 (D.C. Cir. 2008) (alleged acts of torture committed or directed by CIA personnel within scope of employment because such acts were "foreseeable" and a "direct outgrowth" of their responsibility to gather intelligence); *Rasul v. Myers*, 512 F.3d 644, 660 (D.C. Cir. 2008) (acts of torture allegedly committed against detainees at Guantanamo Bay were within the scope of employment of military personnel);[1] *Bancoult*, 370 F. Supp. at 8-9 (genocide, torture, forced relocation, and cruel, inhuman, and degrading treatment by individual defendants employed by Department of Defense and State Department were within scope of employment because they "arose directly out of the United States' efforts to build a secured military facility in the Indian Ocean"); *Schneider*, 310 F. Supp. 2d at 265-266 (kidnapping was within National Security Advisor's scope of employment as it related to directing a military coup in South America).

---

[1] On petition for writ of certiorari, Rasul was vacated by the U.S. Supreme Court and remanded to the D.C. Circuit "for further consideration in light of Boumediene v. Bush." *Rasul v. Myers*, 129 S.Ct. 763 (2008). However, the *Boumediene* decision in no way addressed the D.C. Circuit's holding that acts of torture allegedly committed against detainees at Guantanamo Bay were within the scope of employment for purposes of the *Westfall* Act. In any event, on remand, the original *Rasul* holding was, essentially, reinstated. *See Rasul v. Myers*, 563 F.3d 527 (D.C. Cir. 2009). Thus, the reasoning applied by the D.C. Circuit with respect to the scope of employment issue remains sound and in effect.

## III. THE *WESTFALL* ACT PROVIDES NO EXCEPTION ALLOWING CLAIMS BROUGHT PURSUANT TO THE ATS TO BE MAINTAINED AGAINST THE INDIVIDUAL DEFENDANTS

After certification, the action "shall be deemed an action against the United States [under the FTCA] and the United States shall be substituted as the party defendant." *United States v. Smith*, 499 U.S. 160, 164 n. 5 (1991) (brackets in original) (quoting 28 U.S.C. § 2679(d)(2)); *see also Haddon*, 68 F.3d at 1423; *Bancoult*, 370 F. Supp. 2d at 6. Once the United States is substituted, the suit is to "proceed in the same manner as any action against the United States filed pursuant to section 1346(b) . . . and shall be subject to the limitations and exceptions applicable" to actions under the FTCA. 28 U.S.C. § 2679(d)(4); *see also Schneider*, 310 F. Supp. 2d at 264.

The *Westfall* Act provides only two exceptions to the rule that the FTCA is the exclusive remedy for claims against federal employees: (1) claims brought "for a violation of the Constitution of the United States;" or (2) claims brought "for a violation of a statute of the United States." 28 U.S.C. § 2679(b)(2). All other claims against federal employees based upon conduct undertaken within the scope of federal employment are barred by the Act. *See, e.g., Smith*, 499 U.S. at 166-67 (refusing to infer another exception beyond the two expressly stated in the *Westfall* Act).

Plaintiffs' claims do not fall within either exception to the *Westfall* Act's rule of absolute immunity. As the Supreme Court made clear in *Sosa v. Alvarez-Machain*, "the [ATS] is a jurisdictional statute creating no new causes of action." 542 U.S. 692, 724 (2004); *accord Bancoult*, 370 F. Supp. 2d at 9. In other words, there is no such thing as a violation of the ATS itself. Rather, the ATS merely affords the jurisdictional basis for the assertion of rights

conferred elsewhere, namely by the law of nations or a U.S. treaty. Thus, a claim brought under the ATS is not a claim brought "for a violation of" a federal statute, and therefore is not exempt from the exclusive remedy provision of the *Westfall* Act. *See Bancoult*, 370 F. Supp. 2d at 9-10 ("The plain language of [ATS], however, does not confer rights nor does it impose obligations or duties that, if violated, would trigger the [*Westfall* Act] exception."); *Harbury*, 444 F. Supp. 2d at 38 ("[T]he [ATS] cannot be the subject of 'a violation' of a federal statute because the [ATS] provides no substantive rights that could be the subject of any claimed violation.").

It also is well settled that international law claims of the sort underlying Plaintiffs' ATS claims are not within either exception to the *Westfall* Act's rule of absolute immunity. *See Schneider*, 310 F. Supp. 2d at 266 (holding that alleged violations of the law of nations and various treaties do not fall within either exception);[2] *Bancoult*, 370 F.Supp. 2d at 10 (rejecting argument that "federal common law incorporates international law," since the *Westfall* Act allows an exception only for a violation of a statute rather than federal common law or international law).[3] Likewise, alleged violations of the Geneva Conventions do not fall within either exception of the *Westfall* Act.[4] Although treaties adopted by the United States may be part

---

[2] The D.C. Circuit did not address the *Westfall* Act immunity issues ruled on by the district court in *Schneider*, on the ground that its resolution of all claims under the political question doctrine was "jurisdictional [and therefore] determinative." *Schneider*, 412 F.3d at 193.

[3] The fact that Claims I to IV, as alleged, include "intentional torts" does not take them outside the protection of the *Westfall* Act. *See In re Iraq and Afghanistan Detainees Litigation*, 479 F. Supp. 2d 85, 111 (D.D.C. 2007) (holding that the *Westfall* Act applies to the intentional torts of cruel, inhuman, and degrading acts toward detainees held in Iraq and Afghanistan).

[4] In Claim IV, Plaintiffs predicate their ATS claim on violations of the Third and Fourth Geneva Conventions. The Third Convention pertains to treatment of prisoners of war, and the Fourth Convention pertains to treatment of civilians during wartime. *See* Geneva Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316; Geneva

(continued...)

of the "law of the land," *see Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 226 (1996), a tort claim based directly upon a treaty does not constitute a claim for the violation of a federal statute as required by the *Westfall* Act. *See In re Iraq and Afghanistan Detainees Litigation*, 479 F. Supp. 2d 85, 112 (D.D.C. 2007) (Geneva Convention IV treaty not "federal statute" for purposes of *Westfall* Act because it is not a law enacted by Congress, but is merely an international agreement made by the President with the advice and consent of Congress).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Honorable Court grant its Motion for Substitution.

Dated:     June 26, 2009              Respectfully submitted,

TONY WEST
Deputy Assistant Attorney General
Civil Division

JEFFREY A. TAYLOR
United States Attorney for the District of Columbia

PHYLLIS J. PYLES
Director, Torts Branch

MARY MCELROY LEACH
Assistant Director, Torts Branch


 /s/ Philip D. MacWilliams
PHILIP D. MACWILLIAMS
(D.C. Bar No. 482883)
Trial Attorney, Torts Branch

---

[4](...continued)
Convention Relative to the Protection of Civilian Persons in Time of War, Aug. 12, 1949, 6 U.S.T. 3516.

Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC.  20044
(202) 616-4285
(202) 616-5200 (facsimile)

Attorneys for the United States

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 26, 2009, I caused a copy of the foregoing United States' Motion for Substitution and the Memorandum of Points and Authorities in Support of United States' Motion for Substitution and exhibits thereto to be served upon counsel of record via ECF and electronic mail as follows:

Pardiss Kebriaei
Shayana Kadidal
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
pkebriaei@ccrjustice.org
*Counsel for Plaintiffs*

Meetali Jain
International Human Rights Law Clinic
American University
WASHINGTON COLLEGE OF LAW
4801 Massachusetts Ave., NW
Washington, DC 20016
mjain@wcl.american.edu
*Counsel for Plaintiffs*

                                              /s/ Philip D. MacWilliams
                                              Philip D. MacWilliams