## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Talal AL-ZAHRANI** and **Ali Abdullah Ahmed AL-SALAMI** In their individual capacities; and **Talal AL-ZAHRANI,** As the representative of the estate of Yasser AL-ZAHRANI; and **Ali Abdullah Ahmed AL-SALAMI,** As the representative of the estate of Salah Ali Abdullah Ahmed AL-SALAMI Plaintiffs, vs. **Donald H. RUMSFELD et al.** and **UNITED STATES** Defendants. | **Civ. No. 1:09-cv-00028 (ESH)** |

### THE UNITED STATES' MOTION TO DISMISS CLAIMS I to IV and VII to XIV
### OF THE AMENDED COMPLAINT

The United States has moved to be substituted as the sole defendant for the claims brought under the Alien Tort Claims Act (Claims I to IV) against the twenty-four defendants in their individual capacities. *See* 28 U.S.C. § 2679. Pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court should dismiss Claims I to IV and VII to XIV of the Amended Complaint for

lack of subject matter jurisdiction. The grounds for dismissing Plaintiffs' claims are set forth in the accompanying memorandum of points and authorities. A proposed order is attached.

Dated:    June 26, 2009                     Respectfully submitted,

                                                  TONY WEST
                                                  Assistant Attorney General
                                                  Civil Division

                                                  JEFFREY A. TAYLOR
                                                  United States Attorney for the District of Columbia

                                                  PHYLLIS J. PYLES
                                                  Director, Torts Branch

                                                  MARY MCELROY LEACH
                                                  Assistant Director, Torts Branch


                                                    /s/ Philip D. MacWilliams         
                                                  PHILIP D. MACWILLIAMS
                                                 (D.C. Bar No. 482883)
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Torts Branch, Civil Division
                                                 P. O. Box 888
                                                 Ben Franklin Station
                                                 Washington, D.C. 20044
                                                 (202) 616-4285 (voice)
                                                 (202) 616-5200 (fax)

                                                 Attorneys for the United States

| | |
|---|---|
| Talal AL-ZAHRANI <br><br> and <br><br> Ali Abdullah Ahmed AL-SALAMI <br> In their individual capacities; <br><br> and <br><br> Talal AL-ZAHRANI, <br> As the representative of the estate of <br> Yasser AL-ZAHRANI; <br><br> and <br><br> Ali Abdullah Ahmed AL-SALAMI, <br> As the representative of the estate of <br> Salah Ali Abdullah Ahmed AL-SALAMI <br><br>                 Plaintiffs, <br> vs. <br><br> Donald H. RUMSFELD et al. <br><br> and <br><br> UNITED STATES <br><br>                 Defendants. | Civ. No. 1:09-cv-00028 (ESH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE UNITED STATES' MOTION TO DISMISS CLAIMS I to IV and VII to XIV
OF THE AMENDED COMPLAINT**

**INTRODUCTION**

Talal Al-Zahrani and Ali Abdullah Ahmed Al-Salami, are the fathers of two deceased aliens ("the detainees"), Yasser Al-Zahrani and Salah Ali Abdullah Amhed Al-Salami (collectively "Plaintiffs"), who died during their detention at U.S. Naval Station Guantanamo Bay, Cuba ("Guantanamo"). The Al-Zahranis and Al-Salamis are citizens of Saudi Arabia and Yemen, respectively, where the fathers of the detainees currently reside. The detainees are alleged to have been detained by the United States at Guantanamo as "enemy combatants" for over four years until their deaths on June 10, 2006. The U.S. military concluded that the deaths were suicides by hanging. Upon being found in their cells on the date of their deaths, but prior to being pronounced dead, the detainees received medical attention at the medical clinic and hospital at Guantanamo. The families of the detainees received the news of their sons' deaths while in Yemen and Saudi Arabia.

In an Amended Complaint filed with this Court on January 29, 2009, Plaintiffs brought suit against twenty-four U.S. officials and John Does 1-100 in their individual capacities ("the individuals") and the United States. In Claims I to IV, Plaintiffs allege violations of the Alien Tort Claims Act, also commonly referred to as the Alien Tort Statute ("ATS"), 28 U.S.C. §1350, by the individuals for: prolonged arbitrary detention, in violation of the law of nations (see Amend. Comp. ¶¶ 199-205); torture, in violation of the law of nations and various treaties (see Amend. Comp. ¶¶ 206-214); cruel, inhuman or degrading treatment or punishment, in violation of the law nations and various treaties (see Amend. Comp. ¶¶ 215-223); and violations of the Third and Fourth Geneva Conventions (see Amend. Comp. ¶¶ 224-234). In Claims VII to XIV, Plaintiffs allege violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b),

2671-2680, by the United States for: failure to protect the detainees from harm (see Amend. Comp. ¶¶ 254-264); medical negligence (see Amend. Comp. ¶¶ 265-272); medical malpractice (see Amend. Comp. ¶¶ 273-281); intentional infliction of emotional distress toward the detainees (see Amend. Comp. ¶¶ 282-289); battery (see Amend. Comp. ¶¶ 290-298); intentional infliction of emotional distress toward the detainees' fathers (see Amend. Comp. ¶¶ 299-305); negligent infliction of emotional distress toward the detainees' fathers (see Amend. Comp. ¶¶ 306-317); and wrongful death (see Amend. Comp. ¶¶ 318-325).

This motion seeks dismissal of Claims I to IV and VII to XIV pursuant to Fed. R. Civ. P. 12(b)(1).[1] With respect to Claims I to IV, which seek damages against the individuals under the ATS for alleged violations of the "law of nations," various treaties, and the Third and Fourth Geneva Conventions, Plaintiffs sole tort remedy is through an action against the United States under the FTCA pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (codified in part at 28 U.S.C. §§ 2671, 2674, 2679) (hereinafter the "*Westfall* Act").[2] Pursuant to the FTCA, this Court lacks subject matter jurisdiction over Claims I to IV because: (1) the United States has not waived its sovereign immunity with respect to claims brought under international law and the treaties cited by Plaintiffs; (2) the claims are barred by the foreign country exception of the FTCA set forth at 28 U.S.C. § 2680(k); and (3) Plaintiffs failed to exhaust their administrative remedies as required

---

[1] The alleged violations of the Fifth and Eight Amendment of the U.S. Constitution in Claims V and VI will be addressed in a separate motion by counsel for the individual defendants, captioned as Individual Defendants' Motion to Dismiss Plaintiffs' Constitutional Claims.

[2] The appropriate *Westfall* Act certifications have been filed with a separate motion pursuant to 28 U.S.C. § 2679(d)(1).

5

under 28 U.S.C. § 2675(a). With respect to Claims VII to XIV, which seek damages against the United States under the FTCA, these claims also are barred by the foreign country exception set forth at 28 U.S.C. § 2680(k). Finally, to the extent Plaintiffs seek declaratory relief, such relief is not cognizable under the FTCA.

**ARGUMENT**

**I. THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY WITH RESPECT TO CLAIMS BROUGHT PURSUANT TO THE ATS**

The United States has moved to be substituted as the sole defendant for the claims brought against the named individuals under the ATS, as set forth in Claims I to IV (see Amend. Comp. ¶¶ 199 to 234). Once that substitution occurs and Plaintiffs' ATS claims are treated as FTCA claims,[3] those claims must be dismissed for lack of subject matter jurisdiction since the United States has not waived sovereign immunity with respect to such claims. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 474 (1994) (absent an express waiver of sovereign immunity, a plaintiff may not sue the United States in federal court); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As the Supreme Court made clear in *Sosa v. Alvarez-Machain*, "the ATS is a jurisdictional statute creating no new causes of action." 542 U.S. 692, 724 (2004). In other words, there is no such thing as a violation of the ATS itself. Even if there were such a thing as

---

[3] The *Westfall* Act provides that once the United States is substituted for individual defendants under the Act, the action "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4); *see also United States v. Smith*, 499 U.S. 160, 163 (1991).

a violation of the ATS, the ATS itself does not in anyway provide an independent waiver of the sovereign immunity of the United States. *See, e.g.*, *Koohi v. United States*, 976 F.2d 1328, 1332 & n.4 (9th Cir. 1992); *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 967-68 (4th Cir. 1992); *Industria Panificadora, S.A. v. United States*, 957 F.2d 886, 886 (D.C. Cir. 1992); *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 207 (D.C. Cir. 1985); *Canadian Transport Co. v. United States*, 663 F.2d 1081, 1092 (D.C. Cir. 1980); *see also Macharia v. United States*, 238 F. Supp. 2d 13, 29 (D.D.C. 2002), *aff'd*, 334 F.3d 61 (D.C. Cir. 2003) (holding that because the International Covenant on Political and Civil Rights does not contain express waiver of sovereign immunity, the United States may not be sued for damages thereunder).

Nor has the United States waived its sovereign immunity with respect to the causes of action underlying Plaintiffs' ATS claims – to wit, violations of the "law of nations," various treaties, and the Third and Fourth Geneva Conventions. "[T]o be actionable under [the FTCA], a claim must allege, *inter alia*, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The "reference to the 'law of the place' means law of the *State* – the source of substantive liability under the FTCA." *Id.* (emphasis added); *see also Miree v. DeKalb County*, 433 U.S. 25, 29 n.4 (1977) ("Indeed, the Federal Tort Claims Act itself looks to state law in determining liability."); *Richards v. United States*, 369 U.S. 1, 13-14 & n.29 (1962) (holding that the "law of the place" includes state choice-of-law rules, not federal rules, and emphasizing evidence that Congress understood the term to refer only to state law). Here, the sources of substantive liability underlying Claims I to IV are not State law, but international law and treaties. As such, Claims I to IV are not cognizable under the FTCA. *See*

7

*Bansal v. Russ*, 513 F. Supp. 2d 264, 280 (E.D. Pa. 2007) (international law claims not cognizable under the FTCA since United States has not waived sovereign immunity with respect to such claims); *Turkmen v. Ashcroft*, Slip Copy, No. 02-CV-2307, 2006 WL 1662663, *50 (E.D.N.Y. July 14, 2006) (same).

Moreover, the FTCA requires that the United States be held liable only to the extent that a private individual could be held liable under like circumstances,[4] and to hold the United States liable under the treaties cited by Plaintiffs would be at odds with the canon of construction that international treaties are presumed not to be individually enforceable. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 442 & n.10 (1989); Restatement (Third) of Foreign Relations Law of United States § 907 cmt. a (1987). Thus, even if the treaties cited by Plaintiffs were somehow transformed into applicable State laws, they are not enforceable against "private persons" as required by the FTCA.

Accordingly, the United States has not waived its sovereign immunity with respect to such claims, and Plaintiffs' ATS claims must be dismissed.

## II. THE FOREIGN COUNTRY EXCEPTION BARS CLAIMS I to IV and VII to XIV

The FTCA is a limited waiver of sovereign immunity, providing a remedy against the United States for the torts of its officers and employees while acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA contains several express exceptions to its waiver of sovereign immunity. Among them is a specific exception for "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). Because Claims I to IV and VII

---

[4] *See United States v. Olson,* 546 U.S. 43, 46-47 (2005); *United States v. Muniz,* 374 U.S. 150, 153 (1963) (whether a claim is cognizable under the FTCA "depend[s] upon whether a private individual under like circumstances would be liable under state law");

to XIV arose in a foreign country – to wit, Cuba, Yemen, and Saudi Arabia – this Court does not have subject matter jurisdiction to hear those claims.

In *United States v. Spelar*, the Supreme Court held that a wrongful death action brought by the estate of a flight engineer killed in an air crash at a U.S. air base in New Foundland, that was leased to the United States by Great Britain, was barred by the foreign country exception. 338 U.S. 217, 219 (1949). The Supreme Court explained that "[w]e know of no more accurate phrase in common English usage than 'foreign country' to denote territory subject to the sovereignty of another nation." 338 U.S. at 219 (citation omitted). To determine whether Great Britain retained sovereignty of the air base, the Court looked no further than the terms of the lease agreement. Because the lease did not transfer sovereignty of the air base from Great Britain to the United States, the air base remained subject to the sovereignty of Great Britain and was thus a foreign country for FTCA purposes. *See id.*

*Spelar* is dispositive of Claims I to IV and VII to XIV. Guantanamo is occupied by the United States pursuant to a 1903 Lease Agreement executed with the newly independent Republic of Cuba in the aftermath of the Spanish-American War. Under this agreement, "the United States recognizes the continuance of the ultimate sovereignty of the Republic of Cuba over the [leased areas]," while "the Republic of Cuba consents that during the period of the occupation by the United States . . . the United States shall exercise complete jurisdiction and control over and within said areas." *Rasul v. Bush*, 542 U.S. 466, 471 (2004) (quoting Lease of Lands for Coaling and Naval Stations, Feb. 23, 1903, U.S.-Cuba, Art. III, T.S. No. 418). A supplemental lease agreement, executed in July 1903, obligates the United States to pay an annual rent in the amount of "two thousand dollars, in gold coin of the United States," and to

maintain "permanent fences" around the base.  *See id.* (citing Lease of Certain Areas for Naval or Coaling Stations, July 2, 1903, U.S.-Cuba, Arts. I-II, T.S. No. 426).  In 1934, the United States and Cuba entered into a treaty providing that, absent an agreement to modify or abrogate the lease, the lease would remain in effect "[s]o long as the United States of America shall not abandon the . . . naval station of Guantanamo."  *Id.* (quoting Treaty Defining Relations with Cuba, May 29, 1934, U.S.-Cuba, Art. III, 48 Stat. 1683, T.S. No. 866).  As *Spelar* demonstrates, this Court need not look to anything other than the lease between the United States and Cuba to determine whether Cuba retained sovereignty over Guantanamo.  Because the lease between the United States and Cuba clearly states that Cuba retains sovereignty over Guantanamo, as did the lease between Great Britain and the United States in *Spelar*, Guantanamo is a foreign country for purposes of the FTCA.

Furthermore, since *Spelar* was decided, courts have uniformly held that FTCA claims arising from acts or omissions occurring on U.S. military bases and installations located outside the continental U.S. and its territories are barred by the foreign country exception.  *See, e.g., Heller v. United States*, 776 F.2d 92, 96 (3d. Cir. 1985) (medical malpractice occurring on U.S. naval base in Phillippines barred by foreign country exception); *Broadnax v. United States*, 710 F.2d 865, 867 (D.C. Cir. 1983) (medical malpractice occurring on U.S. Army base in Germany barred by foreign country exception); *Pelphrey v. United States*, 674 F.2d 243, 245 (4th Cir. 1982) (medical malpractice occurring on U.S. naval base in Phillippines barred by foreign country exception); *Roberts v. United States*, 498 F.2d 520, 523 n.2 (9th Cir. 1974) (tort claims related to air crash at U.S. air base in Okinawa barred by foreign country exception).  The principle that U.S. military facilities located outside the continental United States and its

territories are foreign countries for purposes of the FTCA applies equally to Guantanamo in spite of the contentious relations between the United States and Cuba. *See Bird v. United States*, 923 F.Supp. 338, 342-343 (D. Conn. 1996) (medical malpractice occurring at Guantanamo Bay medical facility barred by foreign country exception); *Colon v. United States*, Case No. 82-Civ-34, 1982 U.S. Dist. LEXIS 16071 (S.D.N.Y. Nov. 24, 1992) (Guantanamo Bay a "foreign country" for purposes of FTCA claim).

To the extent Plaintiffs would argue that the United States has sovereignty over Guantanamo since it retains control and jurisdiction over its personnel, facilities and equipment located there, such an argument lacks merit in that it "ignores the distinction between sovereignty, or the legal personhood of the nation, and jurisdiction, or the rights and powers of the nation over its inhabitants." *Heller*, 776 F.2d at 96 (citation omitted). Furthermore, to the extent Plaintiffs attempt to avoid the foreign country exception by alleging that the torts taking place in Cuba, Yemen, and Saudi Arabia were caused by the acts or omissions of the individuals in Washington, D.C., such an approach is foreclosed by *Sosa v. Alvarez-Machain*, where the Supreme Court explicitly repudiated the "headquarters doctrine" and held that "the FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." 542 U.S. 692, 712 (2004). Because Cuba, Yemen, and Saudi Arabia are where Plaintiffs' alleged injuries were suffered, their claims are barred by the foreign country exception.

Finally, the FTCA's venue provision provides that FTCA claims may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. §1402(b). Because no federal district encompasses Cuba, Yemen, or

11

Saudi Arabia, Plaintiffs' claims must be brought in the judicial district where they reside. Because Plaintiffs are foreigners who do not reside in any federal district, there is no federal district that would have venue over their claims. The fact that venue is, as a practical matter, an impossibility here indicates that the FTCA was not intended to encompass such claims. *Cf. Smith v. United States*, 507 U.S. 197, 202 (1993) (Antarctica is a "foreign country" because to hold otherwise would lead to the "anomalous result" that no venue would exist unless the claimant happened to reside in the United States).

### III. PLAINTIFFS HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES WITH RESPECT TO THEIR ATS CLAIMS

As explained above, the *Westfall* Act provides that when the United States is substituted for an individual defendant, the resulting claim is "subject to the limitations and exceptions applicable to" FTCA claims. 28 U.S.C. § 2679(d)(4). With respect to Claims I to IV ( i.e., the ATS claims that are to be treated as FTCA claims pursuant to the *Westfall* Act), Plaintiffs have not satisfied the jurisdictional requirements for proceeding on an FTCA claim. An essential prerequisite to the pursuit of an FTCA claim is the exhaustion of all administrative remedies. The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a).

In other words, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The administrative claim "is a mandatory jurisdictional prerequisite to a suit against the United States" in tort. *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *see also Simpkins v. District of Columbia Government*, 108 F.3d 366, 371 (D.C. Cir. 1997); *GAF Corp. v. United States*, 818 F.2d 901, 904-05 (D.C. Cir. 1987).

A fair reading of Plaintiffs' administrative claims (attached as Exhibits A and B to the Amended Complaint) reveals that they only encompass the FTCA claims described in Claims VII to XIV, and do not encompass the ATS claims described in Claims I to IV. Specifically, the administrative claims appear to focus entirely on the emotional distress allegedly suffered by the detainees' fathers based on the treatment of the detainees during their detainment at Guantanamo, the manner in which the detainees bodies were handled subsequent to their deaths, and how the news of their deaths were communicated by U.S. officials. The administrative claims do not, in any way, mention the ATS or provide any factual allegations that could form the basis for the claims Plaintiffs brought pursuant to the ATS. Therefore, at a minimum, this Court should dismiss Claims I to IV for lack of subject matter jurisdiction based on Plaintiffs' failure to comply with 28 U.S.C. § 2675(a). *See In re Iraq and Afghanistan Detainees Litigation*, 479 F. Supp. 2d 85, 115 (D.D.C. 2007) (ATS claims converted into FTCA claims pursuant to *Westfall* Act substitution dismissed for failure to file administrative claim); *Bancoult v. McNamara*, 370 F. Supp. 2d 1, 11 (D.D.C. 2004) (same); *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 269-270 (D.D.C. 2004), *aff'd on other grounds*, 412 F.3d 190 (D.C. Cir. 2005), *cert. denied*, 547 U.S. 1069 (2006) (same).

**IV. PLAINTIFFS MAY NOT SEEK DECLARATORY RELIEF**

In actions against the United States, the district courts have jurisdiction only "for money damages . . . for injury or loss of property, or personal injury or death . . . ." 28 U.S.C. § 1346(b). The plain language of this statute clearly does not permit district courts to issue declaratory relief with respect to FTCA claims, and Plaintiffs identify no other potential jurisdictional basis for such relief. Accordingly, Plaintiffs' claim for declaratory relief with respect to Claims I to IV and VII to XIV are barred.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss Claims I to IV and VII to XIV of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).


Dated:     June 26, 2009             Respectfully submitted,

                                                      TONY WEST
Assistant Attorney General
Civil Division

JEFFERY A. TAYLOR
United States Attorney for the District of Columbia

PHYLLIS J. PYLES
Director, Torts Branch

MARY MCELROY LEACH
Assistant Director, Torts Branch


/s/ Philip D. MacWilliams
PHILIP D. MACWILLIAMS
(D.C. Bar No. 482883)
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC.  20044
(202) 616-4285
(202) 616-5200 (facsimile)

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2009, I caused a copy of the foregoing United States' Motion to Dismiss and the Memorandum of Points and Authorities in Support of United States' Motion to Dismiss to be served upon counsel of record via ECF and electronic mail as follows:

Pardiss Kebriaei
Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
pkebriaei@ccrjustice.org
*Counsel for Plaintiffs*

Meetali Jain
International Human Rights Law Clinic
American University
WASHINGTON COLLEGE OF LAW
4801 Massachusetts Ave., NW
Washington, DC 20016
mjain@wcl.american.edu
*Counsel for Plaintiffs*

    /s/ Philip D. MacWilliams
    Philip D. MacWilliams